(C. D. 241)

Asociacion Azucarera Cooperativa Lafayette *v.* United States

United States Customs Court, Third Division

(Decided October 31, 1939)

*Stanley A. McCaskey* for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: In this case the plaintiff claims that certain jute bags originally imported from India, subsequently exported to Christianstead, St. Croix, Virgin Islands, and returned to the plaintiff at Arroya, P. R., are entitled to free entry as returned American products under paragraph 1615 of the Tariff Act of 1930.

At the trial it was stipulated and agreed between counsel that the following statement correctly represents the true facts of this controversy.

On August 2, 1937, the Asociacion Azucarera Cooperativa Lafayette, Arroya, Puerto Rico, shipped to The Virgin Islands Company eleven bales of empty jute sugar bags via the SS. CATHERINE of the Bull Line, Voyage #48, which sailed from San Juan on August 2, 1937, on Bill of Lading No. 14, and arrived in the port of Christianstead, St. Croix, Virgin Islands, U. S. A., on August 3, 1937; said bags were duly entered by the Collector of Customs and delivered to the Virgin Islands Company, consignee.

The bags were duly received by The Virgin Islands Company and entered into the stock of the storeroom of the Company, but due to reasons beyond the control of The Virgin Islands Company said bags were not used. These identical bags were returned to the Asociacion Azucarera Cooperativa Lafayette, Arroya, Puerto Rico, under the date of November 30, 1937, on Government Bill of Lading No. I–543239 via the S. S. CATHERINE, of the Bull Line, sailing from Christiansted, St. Croix, V. I., on December 2, 1937, Voyage No. 81. The shipment was covered by Shipper's Export Declaration No. 174, sworn and subscribed to before C. S. Frorup, Deputy Collector, on November 30, 1937, by Leslie F. Huntt, Assistant Treasurer of The Virgin Islands Company.

The plaintiff established that the Asociacion Azucarera Cooperativa Lafayette and The Virgin Islands Company were both Government agencies.

Paragraph 1615 of the Tariff Act of 1930 provides for the free entry of "Articles the growth, produce, or manufacture of the United States, when returned after having been exported." The bags in question are the product of India and are therefore excluded from the provisions of said paragraph. The merchandise was exported from Puerto Rico, a possession of the United States included within the term "United States," to St. Croix in the Virgin Islands, which is also a possession of the United States. However, section 401 (k) defines "United States" as follows:

(k) United States.—The term "United States" includes all Territories and possessions of the United States, except the Philippine Islands, the Virgin Islands, American Samoa, and the Island of Guam.

Article 308 of the Customs Regulations of 1937 respecting reimportations provides in part as follows:

ART. 308. Reimportation.—Dutiable merchandise imported and afterwards exported, although it may have paid duty on the first importation, is liable to duty on every subsequent importation into the United States.   *   *   *

Inasmuch as merchandise imported from the Philippine Islands, the Virgin Islands, American Samoa, and the Island of Guam is regularly the subject of duty when imported into the United States, foreign merchandise previously imported into the United States and subsequently exported to any of the possessions of the United States excluded from the term is subject to duty when again imported into the United States, in the same manner as though exported from any other foreign country.

For the reasons stated, we are constrained under the statute to enter judgment in favor of the Government.