BEFORE THE SECOND DIVISION, APRIL 29, 1954

**No. 58043.**—S. Candler Dobbs *v.* United States, protest 192763–K (Tampa).

LAWRENCE, Judge: It appears from the record in this case that an automobile of English manufacture had been imported into San Juan, Puerto Rico, and later shipped from San Juan to the Virgin Islands.

At the trial, plaintiff, who was not represented by counsel, stated that while he was in the Virgin Islands and desiring an English car he purchased the one in controversy from a dealer there who, in turn, had procured it from an agent of the manufacturer in San Juan. Subsequently, plaintiff caused the car to be shipped from the Virgin Islands and entered at Miami, Fla.

Upon arrival at Miami, the collector of customs classified the automobile in accordance with the provisions of paragraph 369 (b) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 369 (b)) which enumerates automobiles, and imposed duty thereon accordingly at the rate of 10 per centum ad valorem.

Plaintiff contends that the exaction of duty at Miami was illegal because duty had previously been collected upon the importation of said automobile when it arrived at San Juan, Puerto Rico, from England.

The pertinent provisions of the statutes and regulations are here set forth:

Section 1 of the Tariff Act of 1930 (19 U. S. C. § 1001), as amended by the Customs Administrative Act of 1938 and Presidential Proclamation No. 2695 (60 Stat. 1352), provides:

SECTION 1. That on and after the day following the passage of this Act, except as otherwise specially provided for in this Act, there shall be levied, collected, and paid upon all articles when imported from any foreign country into the United States or into any of its possessions (except the Virgin Islands, American Samoa, Wake Island, Midway Islands, Kingman Reef, and the island of Guam) the rates of duty which are prescribed by the schedules and paragraphs of the dutiable list of this title * * *.

Paragraph 369 (b) of said act reads:

All other automobiles, automobile chassis, and automobile bodies, and motor cycles, all the foregoing, whether finished or unfinished, 10 per centum ad valorem

Section 401 (k) of said act (19 U. S. C. § 1401 (k)), as amended, *supra*, contains the following explanation:

UNITED STATES.—The term "United States" includes all Territories and possessions of the United States, except the Virgin Islands, American Samoa, Wake Island, Midway Islands, Kingman Reef, and the island of Guam.

Section 1394 of title 48 of the United States Code entitled "Territories and Insular Possessions" reads as follows:

**§ 1394. Customs duties and internal-revenue taxes.**

There shall be levied, collected, and paid upon all articles coming into the United States or its possessions from the Virgin Islands the rates of duty and internal-revenue taxes which are required to be levied, collected, and paid upon like articles imported from foreign countries: *Provided*, That all articles, the growth or product of, or manufactured in, such islands, from materials the growth or product of such islands or of the United States, or of both, or which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, coming into the United States from such islands shall be admitted free of duty. In determining whether such a Virgin Islands article contains foreign material to the value of more than 20 per centum, no material shall be considered foreign which, at the time the Virgin Islands article is entered, or withdrawn from warehouse, for consumption, may be imported into the continental United States free of duty generally. (As amended Sept. 7, 1950, ch. 909, 64 Stat. 784.)

Section 8.2 of the Customs Regulations of the United States, 1943 edition, states—

**8.2 Reimportation; liability for duties on.**—Dutiable merchandise imported and afterwards exported, although duty thereon may have been paid on the first importation, is liable to duty on every subsequent importation into the United States; but this does not apply to—

 *  *  *  *  *  *  *

(3) Automobiles and other vehicles taken abroad for noncommercial use;

 *  *  *  *  *  *  *

From such facts as may be gleaned from the record, it would seem that this case is controlled by the decision of this court in *Asociacion Azucarera Cooperativa Lafayette* v. *United States*, 3 Cust. Ct. 229, C. D. 241.

An examination of that case discloses that certain jute bags, a product of India, were imported into Puerto Rico, subsequently shipped to Christianstead, St. Croix, Virgin Islands, and later reimported at Arroya, Puerto Rico. While the facts of that case differ in some immaterial respects from those at bar, the underlying principles of the decision therein are deemed to have controlling effect here. We there said in part—

Paragraph 1615 of the Tariff Act of 1930 provides for the free entry of "Articles the growth, produce, or manufacture of the United States, when returned after having been exported." The bags in question are the product of India and are therefore excluded from the provisions of said paragraph. The merchandise was exported from Puerto Rico, a possession of the United States included within the term "United States," to St. Croix in the Virgin Islands, which is also a possession of the United States. However, section 401 (k) defines "United States" as follows:

 (k) United States.—The term "United States" includes all Territories and possessions of the United States, except the Philippine Islands, the Virgin Islands, American Samoa, and the Island of Guam.

Article 308 of the Customs Regulations of 1937 respecting reimportations provides in part as follows:

 Art. 308. Reimportation.—Dutiable merchandise imported and afterwards exported, although it may have paid duty on the first importation, is liable to duty on every subsequent importation into the United States. * * *

Inasmuch as merchandise imported from the Philippine Islands, the Virgin Islands, American Samoa, and the Island of Guam is regularly the subject of duty when imported into the United States, foreign merchandise previously imported into the United States and subsequently exported to any of the possessions of the United States excluded from the term is subject to duty when again imported into the United States, in the same manner as though exported from any other foreign country.

In passing, it may be noted that the facts of the case before us do not bring it within the exception to section 8.2 of the customs regulations, *supra*, for the

reason that the automobile in controversy was not *taken* abroad but was *acquired* abroad.

For the foregoing reasons, we are constrained to hold that the protest is without merit and is, therefore, overruled.

Judgment will be entered accordingly.