(C. D. 1838)

HAROLD S. LAZAR, ASSIGNEE FOR JOHN J. MINER & SONS, LTD. *v.* UNITED STATES .

United States Customs Court, Third Division

(Decided January 11, 1957)

*Sharretts, Paley & Carter* (*Amos B. Sharretts, Joseph F. Donohue, Howard C. Carter,* and *Richard F. Weeks* of counsel) for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Dorothy C. Bennett,* trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: This case involves the amount assessable as duty and internal revenue tax on a quantity of brandy brought into the United States in bottles from the Virgin Islands and entered for warehouse at New York on May 3, 1948. This brandy had been originally imported from Portugal, placed in bonded warehouse at the port of New York, and removed therefrom for shipment to the Virgin Islands, without payment of duty. The original importation from Portugal consisted of over 100-proof brandy. Under authority granted by the Commissioner of Internal Revenue, the brandy was reduced in the Virgin Islands to not less than 80 proof, by diluting with water, and bottled. Upon the return of the brandy to this country, it was assessed with customs duty and internal revenue tax on the wine-gallon basis, duty being assessed at $1.25 per wine gallon under paragraph 802 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and paragraph 811 of the same act, and internal revenue tax at $9 per wine gallon under section 2800 (a) (1) of the Internal Revenue Code of 1939 (26 U. S. C. § 2800 (a) (1)), as amended by the act of February 25, 1944 (58 Stat. 61).[1]

---

[1] All references to the Internal Revenue Code herein are to the Internal Revenue Code of 1939, as amended.

Plaintiff does not contest the classification or the rates but claims that duty and internal revenue tax should have been taken on the basis of proof gallons withdrawn for consumption at 84 proof.

Counsel have, by stipulation, withdrawn the previous submission of this case and have resubmitted it to the third division as now constituted.

Before discussing the merits of this case, it is necessary to dispose of a motion made by the Government to dismiss the suit on the ground that plaintiff has not shown that any claim for refund or credit was filed with and disallowed by the Commissioner of Internal Revenue, as provided by section 3772 of the Internal Revenue Code of 1939 (26 U. S. C. § 3772). This same question was before the court in *Bercut-Vandervoort & Co., Inc.* v. *United States*, 35 Cust. Ct. 113, C. D. 1730, wherein we held that a protest may be filed and an action brought in this court for the recovery of internal revenue taxes claimed to be improperly assessed on imported merchandise, without the filing of such a claim for refund. We pointed out that the procedure provided by said section 3772 is not compatible with the procedure for the recovery of customs duties, as provided in sections 514 and 515 of the Tariff Act of 1930; that internal revenue taxes on imported merchandise have been treated procedurally as duties; that section 3772 has no application to proceedings for the recovery of such taxes on imported merchandise; and that the provisions of section 528, Tariff Act of 1930, as added by the Customs Administrative Act of 1938, were not intended to take away the jurisdiction of the customs courts in cases involving the internal revenue laws in their application to imports. The motion to dismiss the protest herein is, therefore, denied.

The evidence in this case shows that the merchandise was part of a larger shipment consisting of 30 pipes of over 100-proof brandy imported from Portugal in 1947 and placed in bonded warehouse in New York. Thereafter, the merchandise was purchased by Duncan Ross, Ltd., of the Virgin Islands, and the vice president of that firm executed and filed with the Alcohol Tax Unit of the Internal Revenue Service a form for permission to reduce the brandy to not less than 80 proof, by the addition of water, and to bottle it. The application was approved on March 17, 1947, with the proviso that the merchandise was—

Subject to tax at the distilled spirits rate on a wine gallon basis; not subject to rectification tax.

The 30 pipes of brandy were withdrawn from bonded warehouse in New York in May 1947 and shipped to the Virgin Islands, without payment of duty or internal revenue tax. Upon arrival, the merchandise was placed in an insular bonded warehouse, where it remained until April 1948, at which time it was regauged and removed

under the supervision of the Government gauger to the plant of Duncan Ross, Ltd. On April 15 and 16, 1948, it was reduced to 84 proof, by the addition of water, and bottled.

On April 21, 1948, the portion of the goods covered by this entry was shipped to the United States and was entered for warehouse at New York on May 3, 1948. It was withdrawn for consumption during May and June 1948, and duty and internal revenue tax were assessed on the basis of the number of wine gallons in the imported merchandise, rather than the number of proof gallons.

The statutes under which these assessments were made read as follows:

Paragraph 802, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802—

Slivowitz and all other brandy, gin, cordials, liqueurs, kirschwasser, and ratafia_____$1.25 per proof gal.

Paragraph 811, Tariff Act of 1930—

Each and every gauge or wine gallon of measurement shall be counted as at least one proof gallon; and the standard for determining the proof of brandy and other spirits or liquors of any kind when imported shall be the same as that which is defined in the laws relating to internal revenue. The Secretary of the Treasury, in his discretion, may authorize the ascertainment of the proof of wines, cordials, or other liquors and fruit juices by distillation or otherwise, in cases where it is impracticable to ascertain such proof by the means prescribed by existing law or regulations.

Section 2800 (a) (1), Internal Revenue Code of 1939, as amended—

§ 2800. Tax—(a) Rate—(1) Distilled spirits generally.

There-shall be levied and collected on all distilled spirits in bond or produced in or imported into the United States an internal revenue tax of $6 [increased to $9 by act of Feb. 25, 1944, 58 Stat. 61; 26 U. S. C. § 1650] on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn from bond.

Plaintiff claims that the only importation involved in this case is the original shipment of brandy from Portugal to the United States; that this was an importation of brandy over 100 proof and was, therefore, subject to tax on the basis of proof gallons. However, after this merchandise was imported into the United States and entered for warehouse at New York, it was withdrawn for shipment to the Virgin Islands, without the payment of duties pursuant to section 557 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. Under section 3351 of the Internal Revenue Code (26 U. S. C. § 3351), such merchandise was exempt from payment of any tax imposed by the internal revenue laws of the United States and was subject to the tax imposed by the Virgin Islands. Plaintiff's witness testified that he had paid an insular tax on the merchandise and

plaintiff's collective exhibit 3 shows that it was entered for consumption in the Virgin Islands. It, therefore, appears that this merchandise was imported into the United States, exported therefrom, and imported into the Virgin Islands, and again imported into the United States. Under these circumstances, it has been held that the merchandise is subject to duty upon entry into the United States in the same manner as though exported from a foreign country. *Asociacion Azucarera Cooperativa Lafayette* v. *United States*, 3 Cust. Ct. 229, C. D. 241; *S. Candler Dobbs* v. *United States*, 32 Cust. Ct. 470, Abstract 58043.

The case first cited involved jute bags imported from India into Puerto Rico, exported to the Virgin Islands, and then returned to Puerto Rico. The court said (p. 231):

* * * Inasmuch as merchandise imported from the Philippine Islands, the Virgin Islands, American Samoa, and the Island of Guam is regularly the subject of duty when imported into the United States, foreign merchandise previously imported into the United States and subsequently exported to any of the possessions of the United States excluded from the term is subject to duty when again imported into the United States, in the same manner as though exported from any other foreign country.

The question before us is whether duty and internal revenue tax were properly assessed upon this merchandise, in view of the fact that it came into the United States from the Virgin Islands. Under section 3 of the Virgin Islands Organic Act (39 Stat. 1133, 48 U. S. C. 1946 ed. § 1394), it is provided that articles coming into the United States from the Virgin Islands shall pay the rates of duty and internal revenue taxes that are required to be levied, collected, and paid on *like articles imported from foreign countries*, except that articles the growth, product, or manufacture of such islands which do not contain foreign materials to the value of more than 20 per centum of their total value, shall be admitted into the United States free of duty.

In addition to this statute, section 2800 (a) (4) (B) of the Internal Revenue Code of 1939 (26 U. S. C. § 2800 (a) (4) (B)) refers to section 3350 of said code for provisions relating to tax on alcoholic compounds from the Virgin Islands. The latter provides that there shall be levied, collected, and paid on articles coming into the United States from the Virgin Islands, a tax equal to the internal revenue tax imposed in the United States upon *like articles of domestic manufacture*. Plaintiff claims, in view of the latter provision, that the merchandise herein is subject to assessment of internal revenue tax on exactly the same basis as would be assessed against a domestic production of distilled spirits and that this would have to be on the basis of the proof gallonage content.

It is evident that section 3 of the Virgin Islands Organic Act and sections 2800 and 3350 of the Internal Revenue Code, are, insofar as they refer to merchandise coming from the Virgin Islands, *in pari materia* and must be read together. Under section 2800 (a) (1),

*supra,* internal revenue tax is assessed on distilled spirits produced in or imported into the United States on the basis of proof gallons or wine gallons when below proof. Under section 3350, the tax on articles from the Virgin Islands is equal to that imposed on like articles of domestic manufacture. Therefore, when the liquor coming from the Virgin Islands is below proof, tax is assessable on the wine-gallon basis, as it would be on a like article of domestic manufacture. There is nothing in section 3350 that is repugnant to section 3 of the Virgin Islands Organic Act.

A complete answer to plaintiff's claim that this brandy is taxable on the proof-gallon basis under section 2800 (a) (1), *supra,* because it was originally distilled at over 100 proof, is that the brandy did not arrive from the Virgin Islands at 100 proof, but came in at 84 proof. While the tax attaches to domestic liquors at the time of production, it attaches to imported merchandise at the time of importation in its condition as imported. *United States* v. *Westco Liquor Products Co.,* 38 C. C. P. A. (Customs) 101, C. A. D. 446. Under the policy of Congress to treat foreign goods arriving from the Virgin Islands as imports from foreign countries, that rule is equally applicable to merchandise arriving from the Virgin Islands.

The decision in the case of *Vernon Distributing Co.* v. *United States,* 39 C. C. P. A. (Customs) 205, C. A. D. 463, is directly applicable in the instant case and defeats plaintiff's claim for assessment on the basis of the proof gallon. There, rum distilled in Cuba at over 100 proof was reduced to 89 proof and imported into the United States at the reduced proof. Under a trade agreement provision that imports from Cuba should be subject to internal revenue taxes equal to those applicable to like domestic articles, the importer there, as here, claimed the tax should be assessed on the proof-gallon basis. The appellate court, in affirming the judgment of this court overruling importer's claim, stated:

> However, the rum was not imported in its distilled condition. By means of water it was reduced in strength to an 89 degree alcoholic content and imported in that condition. By the terms of the statute, therefore, it became subject to wine gallon measure just as domestic rum would be if no internal revenue tax were imposed upon it until after its alcoholic strength had been reduced to less than 100 degrees by the addition of water.
>
> It is obvious that the amount of revenue derived from an assessment based on a proof gallon of 89 degree rum would be less than that derived from an assessment based upon a proof gallon of 160 degree rum. It is not reasonable to suppose that Congress intended to discriminate against domestic rum. * * *
>
> * * * * * * *
>
> There seems to have been some confusion as to the correct meaning of the word "like" as used in the statutes, the trade agreements and the stipulation, *supra.* So far as rum—the only product involved in this case—is concerned, there is, of course, a similarity between rums having different degrees of strength, but for tariff purposes 89 degree rum is not "like" 160 or 190 degree rum. As

felicitously expressed by the trial court "[they are] two distinct products, i. e., (1) distilled spirits over proof, and (2) distilled spirits below proof."

The distinction was specifically provided for in the statute under which the here involved tax was assessed by the clause "on each [1] proof gallon or [2] wine gallon *when below proof.*"

There is some argument by counsel for the respective parties relating to the proper interpretation of the phrase "in respect of a commodity from which the imported article has been manufactured or produced in whole or in part" appearing in the fifth paragraph of Article III of the supplementary agreement with Cuba, *supra.*

Upon this we deem it sufficient to say that we agree with the statement in the brief for the Government to the effect that the addition of water to over proof rum, thus reducing its alcoholic content, is not a manufacturing process within the sense of the trade agreement.

The brandy here involved, being 84 proof, is not "like" brandy over 100 proof for taxing purposes and is not taxable on the proof-gallon basis. It is subject to duty at the rate applicable to 84-proof brandy imported from foreign countries, i. e., $1.25 per gallon, with "every gauge or wine gallon * * * counted as at least one proof gallon," that is, $1.25 per wine gallon. It is also subject to internal revenue tax on each "wine gallon when below proof" applicable to 84-proof brandy, whether produced in or imported into the United States, or arriving from the Virgin Islands, as provided in sections 2800 (a) (1) and 3350 of the Internal Revenue Code. That assessment completely satisfies the terms of Public Law 612, amending paragraph 813 of the tariff act, in that duties and internal revenue taxes are taken on the same quantities.

The case of *Parrott* v. *United States,* 156 F. (2d) 943, cited by plaintiff, is not applicable to the present situation in that, there, the spirits involved were distilled in the Virgin Islands, thereby becoming a manufacture of the islands, whereas, in the instant case, the brandy was merely reduced in proof and bottled in the islands, but not manufactured there. In that case, the court said that the tax as to rum made in the United States attaches at the instant the distilled substance comes into existence; that liquors distilled in the Virgin Islands are to be taxed as if produced in the United States; and that, therefore, the tax attaches at the time of distillation. Since the merchandise there in question was then above proof, the tax was held assessable at the proof-gallon rate on the number of proof gallons of distilled rum required to make the bottled rum. In the instant case, however, the merchandise is not a product of the Virgin Islands and was not distilled there. The tax could not have attached at the time of distillation, since the merchandise was not then within the jurisdiction of the United States or its possessions. The tax attached at the time of importation into the United States on the article in its condition at that time, which was below proof.

Counsel have referred to certain regulations, issued by the Bureau of Internal Revenue in connection with products coming into the United States from the Virgin Islands. (26 C. F. R. 1941 supp., 180.94 ff.) These have not been fully complied with in the instant case, in that the certificates filed on entry do not furnish the name of the distiller of this brandy, as required, and the insular gauger's report merely states that the brandy was over 100 proof when withdrawn from insular warehouse, without stating the actual proof shown by his gauge at that time.

Section 180.134 of the regulations instructs collectors of customs at the ports of entry of distilled spirits arriving from the Virgin Islands to refer to the approved formula covering the product to determine the rate of internal revenue tax applicable, and, if the gauger's certificate shows such spirits were 100 proof or over when withdrawn from insular bonded warehouse, to collect internal revenue tax at the approved rate on the proof-gallon contents of the packages, regardless of the proof at the time of entry into the United States. The Commissioner of Internal Revenue has ruled that this section applies only to liquors distilled in the Virgin Islands, stating:

Section 180.98 provides that distilled spirits withdrawn from "insular bonded warehouses" may be gauged by "an insular gauger" who shall prepare a report of gauge showing, among other things, the "name of the distiller," and section 180.99 provides that every person bringing liquor into the United States under the regulations shall obtain a certificate "from the manufacturer" for each shipment showing, among other things, the "number and date of the approved formula" and a declaration that the liquor has been "manufactured in accordance with the formula." The rules prescribed in section 180.134 for determining the basis for computing the tax are, as indicated above, dependent upon the manufacture, certificate and the report of gauge bearing the certification of the insular gauger. The provisions of sections 180.98 and 180.134 do not appear to have been intended to apply to foreign distilled spirits which are merely bottled in the Virgin Islands. The language employed is peculiarly appropriate to describe liquors manufactured in the Virgin Islands. The acts of bottling or the process of reducing in proof by the mere addition of water are not considered as manufacturing processes. Furthermore, the rules were designed to extend to the manufacturers of distilled spirits in the Virgin Islands, the same advantages enjoyed by manufacturers of distilled spirits in Puerto Rico in respect to the shipment into the United States of distilled spirits manufactured in Puerto Rico.

Therefore, since the rules prescribed by section 180.134 of Regulations 24 were not intended to apply to foreign distilled spirits which are not rectified (manufactured) in the Virgin Islands but are merely reduced in proof and bottled there for shipment into the United States such products are considered to be in the same category as a direct importation from a foreign country and must be taxed on a wine gallon basis when removed from customs bond at less than 100 degrees of proof.

Inasmuch as the brandy in question imported in the name of Mr. John J. Miner was produced in Portugal and was merely reduced in proof below 100 degrees and bottled in the Virgin Islands such brandy is subject to the internal revenue tax on a wine gallon basis.

This accords with the view taken when permission to reduce the brandy was granted, since the approval was subject to the proviso that the merchandise be subject to tax at the distilled spirits rate on a wine-gallon basis. The regulations do not support plaintiff's claim that this merchandise is taxable on the proof-gallon basis.

For all of the foregoing reasons, plaintiff's claims are overruled. Judgment will be rendered accordingly.